## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

TYTIANNA GALES,

      Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES LLC,

      Defendant.

: Case No. 3:26-cv-00161
:
:
: District Judge Michael J. Newman
: Magistrate Judge Caroline H. Gentry
:
:
:
:
:
:
:

---

### DEFICIENCY ORDER

---

Plaintiff Gales recently submitted a *pro se* complaint and related documents to this Court. The case has been assigned to District Judge Michael J. Newman. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

Two matters must be addressed before the case can proceed further. <u>First</u>, as the Clerk of Court previously notified Plaintiff, she must pay the fees to file this case,[1] or, if she cannot afford to pay the fees because of her poverty, she may file an application to proceed *in forma pauperis* and without prepaying the fees.[2] (*See* Notice of Deficiency, Doc. No. 2.) The current deadline to remedy this deficiency is **June 29, 2026**.

---

[1] The total amount to file is $405, which includes a $350 filing fee and a $55 administrative fee. *See* https://www.ohsd.uscourts.gov/court-fee-schedule-and-payment-information (last visited June 2, 2026).

[2] The "Application to proceed Without Prepayment of Fees and Affidavit" is available on the Court's website.

Second, Plaintiff must sign her Complaint. (Doc. No. 1.) A plaintiff filing without the assistance of counsel in federal court must sign each of his or her own filings. *See English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2026 LX 266792, at *7-8 (S.D. Ohio May 15, 2026) (citing Fed. R. Civ. P. 11) (while "[n]othing in the text of Rule 11 expressly prohibits a pro se litigant from receiving drafting assistance from another non-attorney," the Rule requires "that an unrepresented party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry.") (emphasis added).

The required signature is a *handwritten* signature. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("we read the requirement of a signature [in Rule 11] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *McFarlin v. City of Wayne*, No. 26-cv-10011, 2026 U.S. Dist. LEXIS 49649, at *3 (E.D. Mich. Mar. 6, 2026) (Rule 11 "requires that each Plaintiff personally sign their filings with a handwritten signature."); *Jacquelyn S Jordan Trust v. City of Franklin*, No. 3:22-cv-326, 2022 U.S. Dist. LEXIS 86013, at *3 (M.D. Tenn. May 12, 2022) (Rule 11 "requires a handwritten signature, not a typed name"); *Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at *1 (E.D. Mich. Jan. 5, 2026) ("Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature, and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten

signature, and other rules only permit electronic signatures with sufficient indicia of authenticity."); *Watkins v. LaSalle Bank*, No. 25-cv-13901, 2025 U.S. Dist. LEXIS 261898, at *4 (E.D. Mich. Dec. 18, 2025) (striking an unsigned complaint and noting that "Plaintiff may refile an amended complaint that contains her handwritten signature"). Although the Rules contain an exception that allows approved "Filing Users" of the Court's electronic filing system to type their signatures, Plaintiff Gales is not an approved Filing User, and her own handwritten signature must therefore appear on each paper she files.[3]

The Complaint in this case does not contain Plaintiff's handwritten signature. Plaintiff is **ORDERED** to submit to the Clerk of Court a complaint that she has personally signed with a handwritten signature. She must do so by **July 23, 2026**.

Plaintiff is **ADVISED** that if she does not resolve both of these deficiencies by the dates noted, the undersigned Magistrate Judge may recommend to the District Judge that her case be dismissed.

---

[3] This Court's Local Rule 83.5 provides in part:

> **(b) Filing Users.** Attorneys admitted to the permanent bar of this Court and those admitted pro hac vice shall, unless otherwise ordered, register as Filing Users of this Court's ECF system. If the Court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User solely for the purposes of that action. …

> **(c) Electronic Signature.** The actual signature of a Filing User shall be represented, for ECF purposes, by "s/" followed by the typed name of the attorney or other Filing User. Signature in such a manner is equivalent to a hand-signed signature for all purposes, including Fed. R. Civ. P. 11 or any other rule or statute.

S.D. Ohio Civ. R. 83.5(b)-(c). *See also* Fed. R. Civ. P. 5(d)(3)(B) ("A person not represented by an attorney … may file electronically only if allowed by court order or by local rule"); Fed. R. Civ. P. 5(d)(3)(C) ("*Signing.* A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.").

Plaintiff is also **ADVISED** that she must promptly notify the Court if her mailing address changes while this case is pending. She may wish to review the resources for *pro se* parties on the Court's website, https://www.ohsd.uscourts.gov/pro-se. She may also find and monitor the status of this case via the federal courts' PACER Case Locator service, https://pcl.uscourts.gov/pcl/index.jsf.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

4